### WILLIAM R. TAYLOR *vs.* SAMUEL M. LINDSAY, Administrator, *et als.*

L. conveyed certain property, real and personal, in trust to pay his debts from the income if sufficient, if otherwise from the principal, and thereafter to pay the income to himself or order for his benefit or his family's, and if the trustee should think more needed for L.'s comfort to pay to L. or order such amounts, not to exceed one half of the principal, as the trustee thought proper. The preamble of the deed stated that L. had "certain property, real and personal, which he is desirous of having conveyed in trust for the sole benefit and use of himself." The deed further provided, "and in case of the decease of L. this trust is to terminate, and the said property remaining in the hands of the trustee to be conveyed as he shall by his last will and testament direct, and in default thereof to his heirs at law."

L. died intestate leaving a widow and a daughter.

*Held*, that L. took under the trust deed an equitable fee simple in the realty conveyed.

*Held*, further, that the same words which gave to L. an equitable fee simple in the realty also gave to him the entire equitable interest in the personalty.

*Held*, further, that the trustee should convey the realty in his hands, with the rents received since L.'s death, to L.'s daughter, subject to the widow's dower.

*Held*, further, that the trustee should transfer the personalty in his hands to L.'s administrator. The rule in Shelley's case applies to personalty by way of analogy, not as a rule of strict law.

BILL IN EQUITY for an interpleader and instructions.

*Providence, June* 28, 1884. DURFEE, C. J. The object of this suit is to get a decision on certain questions arising under a trust deed made by Julius Littlefield, late of Bristol, deceased. The

deed, dated December 16, 1872, conveys property, both real and personal, to the complainant, in trust to pay the debts of the grantor out of the income and profits thereof if sufficient, and, if not, from the principal, and, subject thereto, to pay the rents, profits, and income, as they may accrue, to the grantor or his order for his benefit or for his family, and if, in the opinion of the complainant, more shall be necessary for the comfort and happiness of the grantor, to pay to the grantor or his order such portions of the principal from time to time as the complainant may think proper, not to exceed in all one half thereof. " And," the deed goes on, " in case of the decease of the said Julius Littlefield, this trust is to terminate, and the said property remaining in the hands of the trustee to be conveyed as he shall by last will and testament direct, and, in default thereof, to his heirs at law." The said Julius died intestate, May 7, 1883, leaving a widow, Susan S. Littlefield, and a daughter, Eliza Littlefield, his only heir, surviving him. The complainant still holds property both real and personal under the trust. The daughter claims that she is entitled to it by the terms of the trust, subject to the widow's right of dower in the real estate, and that it is the duty of the complainant to convey it to her. The defendant Samuel M. Lindsay, who has been appointed administrator on the estate of said Julius Littlefield, claims the personal estate in his representative capacity. The widow claims that she is entitled, in addition to her dower in the real estate, to one third of what remains of the personal estate after the payment of her late husband's debts. The complainant, in view of this conflict of claims, asks the court to instruct him in regard to his duty.

We think that, according to the former decisions of this court, the said Julius Littlefield took under the trust deed an equitable fee simple in the real estate conveyed by it. See *Angell, Petitioner,* 13 R. I. 630, and cases cited; *Rogers* v. *Rogers,* 10 R. I. 556 ; *Nightingale* v. *Nightingale,* 13 R. I. 113; *Sprague* v. *Sprague,* 13 R. I. 701; *Burges* v. *Thompson,* 13 R. I. 712; *Pierce* v. *Pierce, ante,* p. 514. It follows that it is the trustee's duty to convey the real estate which he still holds in trust, subject to the widow's right of dower in it, to the daughter in fee simple, together with the rents which may have accrued from it since the decease of Julius Littlefield.

We are also of the opinion that the same words which gave to Julius Littlefield the equitable fee in the real estate must be construed to have given him the entire equitable interest in the personal property. This view is well supported by authority. *Garth* v. *Baldwin*, 2 Ves. 646; *Tothill* v. *Pitt*, 1 Madd. 488; *Earl of Verulam* v. *Bathurst*, 13 Sim. 374; *Kinch* v. *Ward*, 2 Sim. & Stu. 409; *Simmons* v. *Simmons*, 8 Sim. 22. It is the view which this court has taken *sub silentio* in several cases. *Eaton* v. *Tillinghast, Trustee, et als.* 4 R. I. 276; *Rogers* v. *Rogers*, 10 R. I. 556; *Nightingale* v. *Nightingale*, 13 R. I. 113. These cases may not be very authoritative as precedents, though they cannot be ignored as precedents even, but they show that this is the natural construction, the construction instinctively given, and it ought not therefore to be put aside without good reason. Such a reason would exist if the trust deed here contained any language from which it could be satisfactorily inferred that the settlor intended to have the words of the grant less technically applied to the personal than to the real property; for it is doubtless true that the rule in Shelley's case is applied to grants of personalty rather by way of analogy for the purposes of construction than as a rule *stricti juris*, and that it therefore yields more readily to an apparent intention when so applied than when it is applied to a grant of realty. But the deed contains no such language; on the contrary, the settlor declares in the preamble of the deed, as his reason for making it, that he has " certain property real and personal which he is desirous of having conveyed in trust for the sole benefit and use of himself." Therefore, " in a case like the present," to use the language of Judge Bigelow in *Hall* v. *Priest*, 6 Gray, 18, 22, " where personal and real estate are given in the same clause and in the same words, and there is nothing to indicate a different intent in relation to the personal from that manifested respecting the real estate, we are of opinion that the words are to be construed in the same manner as applicable to both species of property."

Our decision is that it is the duty of the trustee to transfer the personal property to the administrator, to be administered and distributed by him according to law as the personal estate of his intestate.　　　　　　　　　　　　　　　*Decree accordingly.*

*James Tillinghast,* for complainant.
*Welcome A. Greene,* for respondent Lindsay.
*Colwell & Barney,* for respondent Susan S. Littlefield.
*Thomas C. Greene,* for respondent Eliza Littlefield.